**UNTIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL GOUVEIA and**
**MICHELE ZANFAGNA-GOUVEIA**

**v.**

**CA 07 077 S**
**C.A. NO.**

**MICHAEL BROWN and**
**ANGEL BROWN doing business as**
**AMEN CHASSIS WORKS**

**PARTIES**

1. Plaintiff, Michael Gouveia is a resident of the State of Rhode Island.

2. Plaintiff, Michele Zanfagna-Gouveia is a resident of the State of Rhode Island.

3. Defendant, Michael Brown upon information and belief is a resident of the State of Tennessee and is doing business as Amen Chassis Works

4. Defendant, Angel Brown upon information and belief is a resident of the State of Tennessee and is doing business as Amen Chassis Works.

**JURISDICTION**

5. Jurisdiction is conferred upon this Court by 15 U.S.C. §2310(d), Magnuson-Moss Warranty – Federal Trade Commission Improvement Act. Jurisdiction is further conferred as the Defendants have sufficient minimum contact with the State of Rhode Island, and the matter in controversy exceeds the sum of $50,000 exclusive of interest, costs, and fees.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §1332(a)(1) Jurisdiction is further conferred as the Defendants, Michael Brown and Angel Brown D/B/A/ Amen Chassis Works has sufficient minimum contacts with the State of Rhode Island and the matter in controversy exceeds the sum of $75,000 exclusive of interest, costs, and fees.

## CAUSE OF ACTION

7. On or about May of 2003, Plaintiff, Michael Gouveia purchased a 2002 Amen Custom Motorcycle from an individual in Ontario Canada for the sum of Thirty-Four Thousand ($34,000.00) Dollars. Plaintiff paid Twenty Thousand ($20,000.00) Dollars for upgrades along with insurance premiums for the vehicle for four (4) years as well as all applicable State and Municipal Sales, Use, and Property taxes and incurred other economic losses.

8. On May 6, 2006, the 2002 Amen Custom Motorcycle's "rolling chassis" broke apart at its weld.

9. As a direct and proximate result of the damage to the motorcycle the Plaintiffs suffered severe bodily injuries.

## COUNT ONE

10. The "Rolling Chassis" was built and purchased from the Defendants, their agent and/or authorized representative.

11. The Defendants, their agent and/ or authorized representative built the "Rolling Chassis" in a negligent and unfit manner.

12. Defendant is the importer and wholesaler of said vehicle.

13. Defendant is the warrantor of said vehicle pursuant to 15 U.S.C. §2301(5).

14. Plaintiff is a consumer pursuant to 15 U.S.C. §2301(1).

15. On May 6, 2006, in Cranston Rhode Island, said Motorcycle broke apart at its weld, injuring the Plaintiffs.

**WHEREFORE,** Plaintiff demands to return said motor vehicle free and clear of any liens or other encumbrances for a refund of its purchase price, less reasonable usage charge, other economic loss and consequential damages, along with attorney's fees and costs as provided in 15 U.S.C. §2304(a)(4) and 15 U.S.C. §2310(d)(2).

## COUNT TWO

16. Plaintiff hereby invokes the Pendent and Ancillary jurisdiction of this Court.

17. Plaintiff re-alleges paragraphs 1 through 9 of this Complaint.

18. Defendant is a "merchant" as defined in R.I. Gen. Laws §6A-2-104.

19. The subject matter of this Complaint, one 2002 Amen Custom 250 Motorcycle, is a "good" as defined in R.I. Gen. Laws §6A-2-105.

20. As the Defendant is a merchant with respect to the 2002 Amen Custom 250 Motorcycle purchased by Plaintiff, said transaction created an implied warranty that the vehicle was of merchantable quality and fit for ordinary purposes in accordance with R.I. Gen. Laws §6A-2-314.

21. Upon purchase, Plaintiff inspected the vehicle but failed to observe or detect the defect(s) or malfunction(s) described in paragraph 9 herein.

22. Shortly after the purchase, the Plaintiff became aware of defect(s) or malfunction(s) with the weld of the motorcycle. Such defect(s) rendered the vehicle unfit to drive.

**WHEREFORE,** Plaintiff demands to return said motor vehicle free and clear of any liens or other encumbrances for a refund of its purchase price, less reasonable usage charge, other economic loss and consequential damages, along with attorney's fees and costs as provided in 15 U.S.C. §2304(a)(4) and 15 U.S.C. §2310(d)(2).

## COUNT THREE

23. Plaintiffs hereby invoke the Pendent and Ancillary jurisdiction of this Court.

24. Plaintiffs re-allege paragraphs 1 through 9 of this Complaint.

25. Defendant is a "seller" as defined in Tenn. Gen. Laws §47-2-103 (1) (d).

26. The subject matter of this Complaint, one 2002 Amen Custom Motorcycle, is a "good" as defined in Tenn. Gen. Laws §47-2-105(1).

27. As the Defendant is a seller with respect to the 2002 Amen Custom Motorcycle purchased by Plaintiff, said transaction created an implied warranty that the vehicle was of merchantable quality and fit for ordinary purposes in accordance with Tenn. Gen. Laws §47-2-314(2)(a),(c).

28. Upon purchase, Plaintiff inspected the vehicle but failed to observe or detect the defect(s) or malfunction(s) described in paragraph 13 herein.

29. Shortly after the purchase, the Plaintiff became aware of defect(s) or malfunction(s) with the weld of the motorcycle. Such defect(s) rendered the vehicle unfit to drive.

30. As a result of the defect(s) mentioned in paragraph 9, the vehicle was unfit for its ordinary purpose, would not pass without objection in the trade, and was thus unmerchantable at the time of sale.

31. As a proximate result of the unmerchantable quality of the 2002 Amen Custom Motorcycle, Plaintiff suffered economic losses.

**WHEREFORE**, Plaintiff demands return of said motor vehicle free of any liens and encumbrances, for return of its purchase price, consequential and incidental damages, along with reasonable attorney's fees and all other remedies allowed by Tenn. Gen. Laws §47-2-718-19.

## COUNT FOUR

## PERSONAL INJURIES TO MICHAEL GOUVEIA

32. Plaintiff, Michael Gouveia repeats, re-alleges and adopts by reference the allegations in Paragraphs 1 through 9 of this Complaint.

33. Defendants have violated 15 U.S.C.A. § 2308 and 2304(a) (2).

34. As a direct and proximate result of the Defendant(s') negligence, Plaintiff has suffered personal injuries as follows:

    a. Severe personal injuries causing Plaintiff to sustain permanent bodily impairment;
    b. Medical expenses and charges;
    c. Physical pain and suffering;
    d. Loss of enjoyment of life;
    e. Plaintiff has sustained all of the above injuries, and there is a reasonable probability that these injuries will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against the Defendants both jointly and severally in the amount of One Hundred Thousand Dollars ($100,000.00) for personal injuries, economic loss and consequential damages, along with attorney's fees and costs as provided in 15 U.S.C. §2308 and 15 U.S.C. §2304(a)(2).

## COUNT FIVE

## PERSONAL INJURIES TO MICHELE ZANFAGNA-GOUVEIA

35. Plaintiff, Michele Zanfagna-Gouveia repeats, re-alleges and adopts by reference the allegations in Paragraphs 1 through 9 of this Complaint.

36. Defendants have violated 15 U.S.C.A. § 2308 and 2304(a)(2).

37. As a direct and proximate result of the Defendant(s') negligence, Plaintiff has suffered personal injuries as follows:

    a. Severe personal injuries causing Plaintiff to sustain permanent bodily impairment;
    b. Medical expenses and charges;
    c. Physical pain and suffering;
    d. Loss of enjoyment of life;
    e. Plaintiff has sustained all of the above injuries, and there is a reasonable probability that these injuries will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against the Defendants both jointly and severally in the amount of Two Hundred Fifty-Thousand Dollars ($250,000.00) for personal injuries, economic loss and consequential damages, along with attorney's fees and costs as provided in 15 U.S.C. §2308 and 15 U.S.C. §2304(a)(2).

## COUNT SIX

## STRICT LIABILITY

## PERSONAL INJURIES TO MICHAEL GOUVEIA

38. Jurisdiction is conferred upon this Court by 28 U.S.C. §1332(a)(1) Jurisdiction is further conferred as the Defendants, Michael Brown and Angel Brown D/B/A/ Amen Motorcycles has sufficient minimum contacts with the State of Rhode Island and the matter in controversy exceeds the sum of $75,000 exclusive of interest, costs, and fees.

39. Plaintiff, Michael Gouveia repeats, re-alleges and adopts by reference the allegations in Paragraphs 1 through 9 of this Complaint.

40. Defendants have placed a defective or negligently designed 2002 Amen Custom 250 motorcycle into the stream of commerce and said products were expected to and did reach the plaintiffs in a defective and unreasonably dangerous condition.

41. On May 6, 2006, Plaintiff Michael Gouveia was injured while riding the defective motorcycle.

42. As a direct and proximate result of the Defendant(s') negligence, Plaintiff has suffered personal injuries as follows:

    a. Severe personal injuries causing Plaintiff to sustain permanent bodily impairment;
    b. Medical expenses and charges;
    c. Physical pain and suffering;
    d. Loss of enjoyment of life;
    e. Plaintiff has sustained all of the above injuries, and there is a reasonable probability that these injuries will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against the Defendants both jointly and severally in the amount of One Hundred Thousand Dollars ($100,000.00) for personal injuries, economic loss and consequential damages.

## COUNT SEVEN

## STRICT LIABILITY

## PERSONAL INJURIES TO MICHELE ZANFAGNA-GOUVEIA

43. Jurisdiction is conferred upon this Court by 28 U.S.C. §1332(a)(1) Jurisdiction is further conferred as the Defendants, Michael Brown and Angel Brown D/B/A/ Amen Motorcycles has sufficient minimum contacts with the State of Rhode Island and the matter in controversy exceeds the sum of $75,000 exclusive of interest, costs, and fees.

44. Plaintiff, Michele Zanfagna-Gouveia repeats, re-alleges and adopts by reference the allegations in Paragraphs 1 through 9 of this Complaint.

45. Defendants have placed a defective or negligently designed 2002 Amen Custom 250 motorcycle into the stream of commerce and said products were expected to and did reach the plaintiffs in a defective and unreasonable dangerous condition.

46. On May 6, 2006, Plaintiff, Michele Zanfagna-Gouveia was injured while riding as a passenger on the defective motorcycle.

47. As a direct and proximate result of the Defendant(s') negligence, Plaintiff has suffered personal injuries as follows:

    a. Severe personal injuries causing Plaintiff to sustain permanent bodily impairment;
    b. Medical expenses and charges;
    c. Physical pain and suffering;
    d. Loss of enjoyment of life;

e. Plaintiff has sustained all of the above injuries, and there is a reasonable probability that these injuries will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against the Defendants both jointly and severally in the amount of Two Hundred Fifty-Thousand Dollars ($250,000.00) for personal injuries, economic loss and consequential damages.

Michael Gouveia
Michele Zanfagna-Gouveia
By Their Attorneys,
Petrarca & Petrarca Law Offices

Peter J. Petrarca, Esq. (#6137)
Jina Petrarca-Karampetsos, Esq. (6294)
330 Silver Spring Street
Providence, Rhode Island 02904
Tel: (401) 273-1111
Fax: (401) 621-2225

**Plaintiff hereby requests a trial by jury.**

Dated: 2-28-07